ISADORE DOUCETTE v. LEO GAGNON.[1]

April 22, 1927.

No. 26,001.

**Grant of new trial because of prejudicial charge.**

In an action for alienation of the affections of plaintiff's wife where the charge to the jury was prejudicial to defendant because argumentative, the verdict was set aside and a new trial granted.   [Reporter.]

Appeal and Error, 4 C. J. p. 1036 n. 67; p. 1037 n. 78, 82 New.
Trial, 38 Cyc. p. 1600 n. 51; p. 1602 n. 54; p. 1671 n. 12; p. 1674 n. 61 New.

[1]Reported in 213 N. W. 537.

Defendant appealed from an order of the district court for Hennepin county, Salmon, J., denying his motion for a new trial. Reversed.

*Thompson, Hessian & Fletcher* and *Carleton F. Boeke,* for appellant.

*Latimer & Latimer,* for respondent.

PER CURIAM.

Plaintiff recovered a verdict in an action for alienating his wife's affections. Defendant's motion for a new trial was denied. He appeals.

The only errors assigned which merit any attention relate to the charge of the court which is claimed to be argumentative and prejudicial to defendant. The latter called plaintiff's wife as a witness. Plaintiff's objection to her testifying was sustained. But the court thereafter in the charge turned this incident into an argument against defendant, saying:

"Now, this man claims that this young fellow, this defendant, came into his home and broke it up, and he is corroborated in part by the wife herself coming down here in behalf of his opponent and taking the stand and presumably trying to help the defendant in his case."

The above was preceded by this excerpt upon which error is also assigned:

"This is rather an unusual case, I am happy to say. * * * It goes to the very foundation of our civilization and of our home life, if it is true. The plaintiff claims that he married this woman and they were living happily together and this fellow began whispering to her and making love to her and she, very foolishly of course, listened, because either a man or a woman is always foolish when they listen to this stuff, because it isn't genuine. No married man ever made genuine love to a married woman or to an unmarried one."

The last observation was not applicable to defendant, and he should not complain. The excerpt, however, rather inveighed against defendant. There was no evidence that plaintiff and his wife were living happily. He went no further than to say that, though she had brought suit for divorce on the ground of cruelty, they had had no trouble before the day he peeked through the window of his sister-in-law's house and saw his wife sitting on defendant's lap. In a subsequent part of the charge is found this language upon which error is assigned:

"Of course, while these cases are very, very important, yet there is a tendency to say, among we moderns, 'Oh, well, if the man isn't any better than that, why let him go.' Or on the other hand, 'If the woman isn't any better than that, let her go.' That is all very well, you know, for us to

fix that scale for somebody else, but if it happened in our own homes, we would look on it quite differently."

Obviously the charge was prejudicially argumentative against appellant. The order is reversed.